UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LOVELL N. OATES, | Case No. 17-CV-5166 (PAM/LIB) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| MINNESOTA DEPARTMENT OF CORRECTIONS, et al., | |
| Respondent. | |

In 1999, Petitioner Lovell N. Oates was found guilty by a Hennepin County jury of one count of second-degree murder and four counts of second-degree assault. See, Oates v. State, No. A15-0788, 2016 WL 687465, *1 (Minn. Ct. App. Feb. 22, 2016). The trial court imposed a 306-month term of imprisonment on the murder count and 36-month terms of imprisonment on each of the assault counts, with two of those assault counts to be served consecutively to all the rest and two concurrently, resulting in a total term of imprisonment of 378 months. Id. Since then, Oates has repeatedly challenged the validity of his sentence and conviction on collateral review, including once through a petition for a writ of habeas corpus filed in this District. See, Oates v. State of Minnesota, No. 04-CV-3044 (ADM/FLN), 2005 WL 589618 (D. Minn. Mar. 11, 2005). That petition was denied as untimely. Id.

Oates now returns to federal court, again challenging the validity of his 1999 sentence through a Petition for a Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254[1]. According

---

[1]The petition is before the Court on review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

to Oates, the trial court misapplied the Minnesota Sentencing Guidelines in determining his sentences for assault. Based on that alleged error, Oates seeks a reduction in sentence.

The Court lacks jurisdiction to consider the Habeas Petition. Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."   Oates's pending Habeas Corpus Petition is undoubtedly second or successive; it challenges the same sentencing judgment that was challenged in the 2004 habeas corpus petition denied as untimely. See, Magwood v. Patterson, 561 U.S. 320, 332 (2010) ("[T]he phrase 'second or successive' must be interpreted with respect to the judgment challenged."); Diaz Diaz v. United States, 297 Fed. Appx. 574, 575 (8th Cir. 2008) (per curiam) (finding that dismissal for untimeliness constitutes dismissal on the merits for purposes of determination whether pleading is "second or successive."). No new judgment has superseded the 1999 judgment. Absent authorization from the Eighth Circuit Court of Appeals, this Court cannot adjudicate the merits of the petition.

The only question remaining with respect to the Habeas Corpus Petition itself is whether the Petition should be dismissed or transferred to the Eighth Circuit Court of Appeals for further consideration of whether to authorize the Petition pursuant to § 2244(b)(3)(A). This Court recommends dismissal. First, the Petition filed by Oates, even if it were properly before the Court, is futile, both because it is untimely, see, 28 U.S.C. § 2244(d)(1), and because it is based entirely upon an alleged error of state law, see, Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."). Second, the claim raised by Oates in his Petition fits none of the criteria for authorization set forth in § 2244(b)(2)(B)    that is, his claim is not based

upon a new rule of constitutional law; the factual predicate of his claim could have been known long ago (indeed, the claim would have been known at the time of sentencing); and the claim concerns only the propriety of his sentence, not whether he is actually innocent of the assault offenses. Because the Eighth Circuit cannot authorize Oates's Petition, it is recommended that the Petition be dismissed rather than transferred.[2]

Along with his Petition for a Writ of Habeas Corpus, Oates has also filed several Motions that are now pending. Those Motions are largely mooted or invalidated by the finding that the Court is without jurisdiction to consider the Habeas Petition. Oates's Application to Proceed *in forma pauperis*, [Docket No. 3], must be denied, as his Habeas Corpus Petition cannot be entertained. See, Kruger v. Erickson, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam). Oates's Motions for Appointment of Counsel, [Docket Nos. 9 and 10], should likewise be denied, as further attempts at prosecution of this matter before this Court prior to a grant of authorization from the Eighth Circuit would be futile, with or without assistance of counsel. Oates's Motion to amend his Petition, [Docket No. 11], should be denied, as the amended petition he has submitted would be no less "second or successive" than the initial Petition. Oates's Motion for a Summons, [Docket No. 12], should be denied, as the State of Minnesota has already been notified of this action in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. And Oates's Motion for the Court to take "judicial notice" of multiple assertions, [Docket No. 15], may be denied as moot, as none of those assertions is relevant to the jurisdictional question at issue.

---

[2]Oates may, of course, seek authorization from the Eighth Circuit of his own accord, notwithstanding this Court's recommendation that ths matter be dismissed.

Finally, a § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). See 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Oates's current Habeas Corpus Petition differently than it is being treated here. Oates has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Oates should not be granted a COA in this matter.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1.    This matter be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

2.    The Application of Petitioner Lovell N. Oates to proceed *in forma pauperis*, [Docket No. 3], be **DENIED**.

3.    Oates's Motions for Appointment of Counsel, [Docket Nos. 9 and 10] be **DENIED**.

4.    Oates's Motion for Amendment, [Docket No. 11], be **DENIED**.

5.    Oates's Motion for a Summons, [Docket No. 12], be **DENIED**.

6.    Oates's Motion for Judicial Notice, [Docket No. 15], be **DENIED AS MOOT**.

7.    No certificate of appealability be issued.


Dated: January 30, 2018                    s/Leo I. Brisbois
                                           Leo I. Brisbois
                                           United States Magistrate Judge


## **NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).