UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lovell N. Oates,                                              Civ. No. 17-5166 (PAM/LIB)

      Petitioner,

v.                                                                                     **ORDER**

Minnesota Department of Corrections,
and Tom Roy, Commissioner,

      Respondents.

---

This matter is before the Court on the Report and Recommendation (R&R) of United States Magistrate Judge Leo I. Brisbois dated January 30, 2018. The R&R recommends that Petitioner Lovell N. Oates's Petition for habeas-corpus relief be dismissed and various related Motions be denied either as a result of the dismissal of the Petition or as moot. Oates filed timely objections to the R&R.

This Court must review de novo any portion of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b). After conducting the required review and for the following reasons, the Court **ADOPTS** the R&R. (Docket No. 17.)

The R&R determined that the instant Petition constitutes a second or successive petition. (R&R at 2.) Because Oates has not received permission from the Eighth Circuit Court of Appeals to file a second or successive petition, the Court lacks jurisdiction to consider the Petition. (Id.) Oates's objection claims that the state court erred in finding his motion challenging the computation of the Minnesota sentencing guidelines untimely

under the statute of limitations for filing postconviction motions. (Obj. (Docket No. 18) at 1.) But Oates's objection shows that his claim concerns the application of state law, not federal law. He insists that the state-court decisions raise his interest in a determination on the sentencing issue to the level of a state-created liberty interest. Thus, according to this argument, he is raising a challenge under the federal Constitution. But he cannot avoid the second-or-successive prohibition by claiming that enforcing the prohibition gives rise to a constitutionally protected liberty interest. His argument is one of state law, not federal. Moreover, it appears from the allegations in the Petition itself that the Minnesota Supreme Court has yet to rule on the merits of Petitioner's state-law argument. (See Pet. (Docket No. 1) at ¶ 11 (stating that the Supreme Court stayed Oates's petition for further review pending a decision in a case involving the same postconviction motion issue). Thus, even if this Petition were not second or successive, and even if it were timely, 28 U.S.C. § 2254 affords him no relief. See 28 U.S.C. § 2244(b)(2)(B).

The R&R also correctly found that a Certificate of Appealability should not issue on Oates's claims. His challenges to his sentence are a matter of state law, not federal, and reasonable minds cannot differ as to the merits of his claim. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). A Certificate of Appealability is therefore denied.

Accordingly, **IT IS HEREBY ORDERED that**:

1. This case is **DISMISSED without prejudice** for lack of jurisdiction;
2. The Application to proceed in forma pauperis (Docket No. 3) is **DENIED**;
3. The Motions for Appointment of Counsel (Docket Nos. 9 & 10) are **DENIED**;

4. The Motion for Amendment (Docket No. 11) is **DENIED**;

5. The Motion for a Summons (Docket No. 12) is **DENIED**;

6. The Motion for Judicial Notice (Docket No. 15) is **DENIED as moot**; and

7. No Certificate of Appealability will issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: _____

_____
Paul A. Magnuson
United States District Court Judge